UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re ROSIE M. CASTILLO,<br><br>                    Debtor. | Chapter 7 Proceedings<br>Case No. 2-06-00811-PHX-CGC<br><br>UNDER ADVISEMENT DECISION<br>RE: HOMESTEAD EXEMPTION |

On March 28, 2006, Debtor Rosie Castillo filed for Chapter 13 relief. At the time, she claimed an ownership interest in two separate real properties. Debtor claimed a homestead exemption in the property referred to by the parties as the Valley View Property and in which she apparently resided at the time she filed her petition. The second property, referred to as the 32 Property, was listed by Debtor in her schedules as a rental property. There is no dispute that the 32 Property did not and would not have qualified as exempt under Arizona's homestead statute at the time the petition was filed.

Soon after this Court issued an order allowing the secured creditors to conduct a trustee's sale of the 32 Property, Debtor converted her bankruptcy to a Chapter 7. Simultaneously, Debtor amended her schedules to change her homestead exemption claim from the Valley View Property to one in the 32 Property. According to Debtor, she moved from the Valley View Property to the 32 Property and intended to make that property her new home. Shortly thereafter, Debtor executed a lease-purchase agreement with a third party on the Valley View Property without Court approval.

As a result of Debtor's amended homestead exemption in the 32 Property, the Trustee lodged an objection. Before the objection could be resolved, Debtor passed away. Shortly thereafter, the Court approved the Trustee's request to sell the 32 Property and ordered the net proceeds held by the Trustee pending this Court's resolution of the homestead issue.

The issue is whether the now deceased Debtor is entitled to a homestead exemption in one or none of two properties. Before addressing this issue, however, the Court must address

whether the operative date for determination of the homestead is the date of filing or of conversion.

As the Trustee states, the general rule is that the relevant date for determining the status of a homestead exemption is the petition date. *See In re Chiu,* 266 B.R. 743, 751 (9th Cir. BAP 2001); *In re Kim,* 257 B.R. 680, 685 (9th Cir. BAP 2000). The Trustee ignores, however, the exception to this rule when a case is converted from Chapter 13 to Chapter 7.[1] *See Kim,* 257 B.R. at 685 ("Absent conversion from one chapter to another, the nature and extent of a debtor's exemption rights are determined as of the date of the petition."). The Ninth Circuit BAP has consistently held that homestead exemptions are determined on the date of conversion and not the petition date. *See In re Alderman,* 195 B.R. 106 (9th Cir. BAP); *In re Winchester,* 46 B.R. 492 (9th Cir. BAP 1984); *see also In re Lindberg,* 735 F.2d 1087 (8th Cir.), *cert. denied,* 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2n 507 (1984). Section 541 determines what is property of the estate at the time of commencement of the case. Section 348(a) then provides that conversion from one chapter to another does not effect a change in the date of the case's commencement or the filing date of the petition. However, in a Chapter 13, unlike a Chapter 7 or 11, after-acquired property also becomes property of the estate pursuant to section 1306(a)(1). At the time of conversion to a Chapter 7, the estate may be substantially different from what it was upon the filing of a Chapter 13 petition. Debtor may have acquired property post-petition or sold or consumed property over the course of the Chapter 13 plan. To account for these changes, the Ninth Circuit BAP has held that the date of determining what is part of the Chapter 7 case must

---

[1] The Court notes that the Trustee cites to *In re Moore,* 269 B.R. 864 (Bankr. D. Idaho 2001), a case that did in fact involve a conversion from Chapter 13 to Chapter 7 and in which the court stated without significant analysis that the petition date controls. *Moore*, however, is clearly distinguishable as it is fundamentally different from the case before this Court and the other Ninth Circuit cases involving Chapter 13 to Chapter 7 conversions. Primarily, the debtor in *Moore* converted to Chapter 7 *after* amending her his homestead exemption claim, so arguably the date of conversion was immaterial. In the remaining cases upon which this Court relies, as with the matter currently before the Court, the debtors amended their homestead exemption claims *after* converting to Chapter 7.

be decided upon conversion.[2]

In this case, therefore, at the time Debtor converted, she had abandoned her homestead exemption in the Valley View Property by moving out of the property and stating that she intended to make her homestead the 32 Property, amending her schedules to remove her homestead claim in the Valley View Property and add an exemption claim in the 32 Property, and leasing the Valley View Property to a third party without Court approval.

The question then becomes whether Debtor's amended exemption claim should be allowed. The Court concludes no. She initially claimed a homestead exemption in the Valley View Property and, without Court approval, rented out the 32 Property, keeping at least $7,000 in rent of what, at that point, was indisputably non-exempt estate property. Upon receiving the Court's order allowing the secured creditor to conduct a trustee's sale of the 32 Property, Debtor moved out of the Valley View Property, into the 32 Property and amended her homestead exemption to now apply to the 32 Property – a property she had earlier classified as a rental property. In addition, she then leased the Valley View Property with the result that the lessees paid the mortgage company directly nearly $15,000 on her behalf. She never accounted to the Trustee for the rent received on the 32 Property during the time it was clearly not claimed as exempt under the homestead provisions and never obtained court approval for the Valley View lease.

This activity falls into the realm of bad faith as explained by *In re Arnold,* 252 B.R. 778 (9th Cir. BAP 2000), because Debtor has in effect "hidden assets" by collecting and keeping the rent she received on property of the estate and then improperly renting other property of the estate in derogation of the Trustee's authority. Debtor further encumbered both of these properties without Court approval and without authority to do so. Further, the timing of

---

[2]The same is not true for conversions from Chapter 11 to Chapter 7 and the courts have so held differently, concluding that exemptions are determined at the time the Chapter 11 petition is filed and not upon conversion to Chapter 7. *In re Kaplan,* 97 B.R. 572 (9th Cir. BAP 1989); *In re Magallanes,* 96 B.R. 253 (9th Cir. BAP 1988); *In re Thurmond,* 71 B.R. 596 (Bankr. D. Or. 1987); *see also In re Williamson,* 804 F.2d 1355 (5th Cir. 1986).

3

Debtor's decision to abandon her homestead exemption in the Valley View Property, move to the 32 Property and then claim a homestead in that property came closely on the heels of this Court's order granting the secured creditors authority to sell the Valley View Property. The pattern strongly suggests, and the Court so finds, that Debtor did what she wanted in order to maximize the return to herself without regard to her creditors.

This moots the issue of whether the exemption survives her death, but the facts here suggest that there remains no purpose for the exemption. Debtor's husband has been deported and no longer lives in either property. There are no minor children living in either house, and no representative of Debtor's probate estate has stepped forward to make a claim.

Therefore, for these reasons, the amendment is denied, the claimed exemption in the Valley View Property is deemed abandoned and the Trustee is entitled to the proceeds from the sales of both properties.

So ordered.

**DATED: June 13, 2007**

CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

**COPY** of the foregoing mailed by the BNC and/or
sent by auto-generated mail to:

G. Terris Porter
The Porter Law Offices, P.C.
1052 East Deuce of Clubs
Show Low, Arizona 85901
Attorneys for Debtor

Dina Anderson
Trudy Nowak
Anderson & Nowak, PLC
2211 E. Highland Ave., Suite 211
Phoenix, Arizona 85016
Attorneys for Lawrence J. Warfield, Trustee

4

1 | Office of the U.S. Trustee
2 | 230 N. First Avenue, Suite 204
  | Phoenix, Arizona 85003
3 |
4 | _____
5 |
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

5